Dewet, J.
In cases like the present, it is well known by those who are conversant with the decisions of this court, that great liberality has always been exercised towards municipal officers, when we have been called upon to set aside their proceedings for informalities. The great liability to errors, on the part of those who are called to act in the discharge of municipal duties, the frequent cases of inexperienced officers, the complicated nature of the duties that sometimes devolve upon them, and the mischievous consequences resulting from the setting aside of the doings of a body of men, where so many interests are affected, as is the case where the granting of money by the town, or the assessment of a tax, has been held illegal, have always had their proper influence in the consideration of questions of this nature; and the result has been, that, as far as possible, the various specific requirements of the statute directing the mode of raising money by towns, and the form of assessing the same, have been held directory, rather than of the nature of absolute requirements, the omission to comply with which would render the tax invalid. In the present case, however, we find a point arising upon the facts detailed in the bill of exceptions, which has seemed, from the first, to be one of great importance, and demanding a serious consideration. If it be a valid one, it goes directly to the legality of the town meeting, at which the money was granted, and renders the entire assessment an unauthorized one. The meeting of the inhabitants *342 of New Salem, in the present instance, was held in pursuance of a warrant bearing the signature of one of the selectmen, and was no otherwise issued under the hands of the selectmen of the tou n, than is indicated by these words: “ By order of the selectmen of New Salem. Daniel Felton, one of said selectmen.” The question then arises, is this a legal warrant, and will it authorize the legal voters of the town, at a meeting convened in pursuance of it, to grant money, and cause the same to be assessed upon the polls and estates of the inhabitants of the town, if the collection of such tax be resisted upon the ground that there was no legally convened meeting competent to act in the matter of raising money?
The authority for calling town meetings is found in the Rev. Sts. c. 15, <§> 19, and the mode in which they are to be called is therein specially provided. It is required that “ every town meeting shall be held in pursuance of a warrant under the hands of the selectmen.” Is this requisition complied with by the issuing of a warrant bearing the signature of only one of the selectmen, purporting to have been done “ by order of the selectmen ? ” Clearly it is not a literal compliance with the statute. But it is urged that this may be treated as the act of the board of selectmen, and may avail as a substantial execution of the statute provision; and that the case of Westminster v. Bernardston, 8 Mass. 104, in which it was held that a notice given by overseers of the poor, in reference to paupers, signed by one of the overseers, purporting to be done by order of the board, was valid and sufficient in law, furnishes a precedent for a case like the present. Upon recurring to St. 1793, c. 59, upon which that decision was made, it will be seen that although the statute requires the notice in pauper cases to be given by the overseers, yet there is no provision similar to that in relation to the calling of town meetings, requiring such meetings to be by a warrant under the hands of the selectmen. We think the words “ under the hands of the selectmen ” are significant, and were intended to express, with particularity, the mode in which warrants for town meetings are to be issued. There are strong reasons why they should be thus issued. They would carry, *343 on the face of them, the evidence of the fact that they were issued by the authority of the majority of the board of selectmen, and would not leave this to be shown by proof from other sources. \s no town meeting can be called, unless under the signatures of a majority of the whole number of selectmen, there would be no danger of two or more conflicting meetings called by warrants under the signature of an individual member of the board claiming to act for the majority, and as their authorized agent.
The requiring of the signature of the selectmen, individually, to the warrant, tends to secure the supervision and particular action of each individual as to the subject matter, and imposes a personal responsibility, which insures a greater degree of security in the discharge of the official duties of the selectmen acting in the matter. Similar provisions, as to the form in which warrants for the collection of taxes are to be issued, will be found in the Rev. Sts. c. 7, § 33, by reference to St. 1785, c. 50. The statute provision as to the certificate and return of the election of members of the house of representatives, (Rev. Sts. c. 5, § 8,) is of similar tenor, requiring “ a certificate and return of such election under the hands of the selectmen.” Under such statute provisions, we think it must be assumed that the legislature intended to give all the security and certainty that would result from the individual signatures of the selectmen, in the cases specified. This might be particularly important in the case last mentioned, that of representatives to the general court, as a provision tending to avoid the embarrassment that might arise in contested elections, from individual jertificates, which might be issued by the various members of .he board of selectmen, purporting to be by order of the majority, and certifying the election of different individuals.
The statutes on this subject do not require the signature of every member of the board of selectmen ; it being now specially provided by Rev. Sts. c. 2, <§> 6, clause 3d, and in accordance with what was the well settled judicial doctrine in relation to public officers, that a majority of the whole number is always deemed a competent number to act for the whole board
*344 Upon the general question we have been considering, as it arises upon a construction of our statute law, we can expect but little aid from foreign sources. This point has been incidentally considered ir. the case of Andover v. Grafton, 7 N. Hamp. 305, where the execution of a contract by one of the selectmen, in behalf of the whole, was under consideration, and where Parker, J., in delivering the opinion of the court, says, “.there are cases in which one selectman may act and bind the town, with the assent of the others; but this principle cannot, in our opinion, be applied to written contracts or official signatures. A majority of the selectmen may lay out a highway; but a return of their doings, signed by one for the others, would be insufficient. So an indenture, executed ‘for the selectmen,’ would not carry upon its face evidence of an execution by a majority of the selectmen, so as to bind the town.”
In the case of Right v. Cuthell, 5 East, 491, where a ques tion arose upon a lease, with a proviso for a termination of the same by the landlord or tenant, or their respective heirs, by a notice in writing under his or their respective hand or hands, a notice signed by A. and B. in behalf of themselves and C., who was also a party in interest, as representative of the lessor, was held an insufficient notice, and that to be good and effectual, it ought to appear on the face of it to be valid against the parties, and not to have its validity be made to depend upon any subsequent ratification. Le Blanc, J. says, “ when I see that by the terms of the proviso the notice is to be given under their respective hands, I cannot say that a notice under the hands of two only is good.” It is proper, however, to remark, in reference to this case, that it was liable to the further objection, that it did not appear that, at the time the notice was signed, those who signed it were authorized to execute the instrument in behalf of the other person; but the general question, more considered there, bears upon the point raised in the case at bar.
Public policy and public security seem to require, that it should appear upon the face of the warrant, that it was issued by the authority of the major part of the selectmen. But if it be permitted to be under the hand of one, for and in behalf of *345 the others, it must always be open to the inquiry whether it was in truth assented to by the others.
The same principle applies to the mode of signature of assessors to the assessments and warrants issued for the collection of taxes. St. 1785, c. 50, and reenacted by the Rev. Sts. c. 7, <§> 33. These being positive provisions of law, we think they cannot be disregarded; nor are they of the class that may be considered merely directory. They lie at the foundation of the jurisdiction and authority to act upon these subjects; and if there be a defect in this respect, it is radical, and must be fatal to the validity of the proceedings.
The case of First Parish in Sutton v. Cole, 3 Pick. 232, was somewhat relied upon in the argument, as a decision showing that irregularities and defects in warrants for calling meetings are not to be the subject of exceptions and inquiry, except at the meeting, and by the inhabitants of the town or members of the parish, there assembled. There are suggestions of that character, in the opinion of the court given in that case, but rather applied, however, to objections raised by third persons, not members of the parish. We do not see how the objection can be thus limited in point of time and place. It is not easy to perceive how those persons who choose voluntarily to assemble upon an unauthorized call, or insufficient warrant, can waive the legal objections to such warrant, as respects those who are absent, and perhaps designedly so, by reason of their knowledge of the illegality of the warrant. It seems to us that the true rule is, that the warrant for the meeting, being the foundation of all the proceedings at such meeting, must be issued in substantially proper form, in order to give validity to such proceedings; and if not so issued, that it is open to objection by any person upon whom taxes have been assessed under a vote of such meeting to raise money.

New trial ordered.